```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**MARCUS L. RICKS,**

                         Petitioner,

           v.                                    CASE NO. 05-3016-SAC

**STATE OF KANSAS,**

                         Respondent.

**O R D E R**

This matter is before the court on a petition for habeas corpus filed by a prisoner incarcerated in Missouri. The matter was transferred to this court from the United States District Court for the Western District of Missouri.

Petitioner alleges his detention violates the Interstate Agreement on Detainers, and he seeks release from the jurisdiction of the State of Kansas. Respondents filed a reply and motion to dismiss (Doc. 13), and petitioner filed a traverse (Doc. 14). The court has examined the record and enters the following order.

**Background**

Petitioner was charged with aggravated robbery and kidnaping in Johnson County, Kansas, in November 1979. In 1981, petitioner was arrested in Texas while serving a state prison sentence there

and returned to Kansas for trial on the 1979 charges.

In October 1981, petitioner was charged with aggravated escape in Johnson County, Kansas.  He entered guilty pleas on all the Kansas charges in December 1981.

In February 1982, petitioner was sentenced to consecutive terms on the Kansas convictions.  These terms were to be concurrent with petitioner's Texas sentences.

In May 1992, petitioner was returned to Kansas custody to serve the balance of his Kansas sentences.  He was released on parole in September 1992.

In August 1993, petitioner was charged in Johnson County, Kansas, with aggravated robbery and kidnaping.  An arrest warrant was issued.  In October 1993, the Kansas Department of Corrections issued a parole violation warrant against petitioner.

In late September 1994, petitioner was located in the Jackson County, Missouri, Jail.  The arrest warrant issued in 1993 by Johnson County authorities was lodged as a detainer.  Petitioner later was transferred to the custody of Missouri state authorities, but personnel at the Jackson County Jail apparently failed to notify the Missouri Department of Corrections of the outstanding detainer.

In June 1995, the Kansas Department of Corrections lodged a detainer against petitioner with Missouri authorities based upon the parole violation warrant issued by the Kansas Department of

Corrections.

In March 2000, the Kansas Department of Corrections withdrew the detainer following a determination by the Kansas Parole Board that the petitioner's sentences arising from the 1981 Kansas convictions were satisfied.

In May 2004, the Sheriff of Johnson County, Kansas, lodged a detainer against the petitioner with Missouri authorities at the Crossroads Correctional Center in Cameron, Missouri, based upon the Johnson County arrest warrant issued in 1993.

In June 2004, petitioner, proceeding pro se, filed a request for speedy trial in the Johnson County District Court.  The Office of the Johnson County District Attorney responded by sending forms prepared pursuant to the Interstate Agreement on Detainers Act (IAD) to the Missouri facility in which petitioner was incarcerated.  However, upon receipt of those materials, the Missouri facility advised the Johnson County District Attorney that petitioner had not requested a speedy trial.

In July 2004, the Johnson County District Attorney's Office sent correspondence to the Missouri facility requesting that officials provide petitioner with the forms to request a speedy trial under the IAD.  In late July, Missouri corrections personnel notified plaintiff that his request for speedy trial could not be honored by the Missouri Department of Corrections due to his failure to complete documents required by the IAD.

3

In September 2004, Missouri officials provided petitioner with a form to request a speedy trial, but petitioner failed to sign it.

In December 2004, the Johnson County District Attorney's Office initiated a request to obtain temporary custody of petitioner to bring him to trial. The Missouri Department of Corrections forwarded the request to the Governor for approval.

## Discussion

The court first considers a question of fact concerning the issuance and withdrawal of a detainer by the Kansas Department of Corrections. Petitioner asserts the detainer in question was based upon the Kansas charges of aggravated robbery and kidnaping that arose from incidents in August 1993; respondents contend the Department of Corrections withdrew the detainer based upon the parole violation warrant issued in October 1993.

The court has examined the record and concludes respondents are correct. The arrest warrant based upon the 1993 charges arose from Case No. 93CR2797 (Doc. 1, Ex. E), while the warrant which arose from petitioner's parole violation is designated #93-0274 (Ex. C). The detainer that was withdrawn by the Department of Corrections was based upon Warrant No. 93-0274 (Ex. D.)

Next, petitioner seeks a preliminary injunction or temporary restraining order (Doc. 9) to require the respondents to withdraw

their request for a pretransfer writ in the Circuit Court of DeKalb County, Missouri. He asserts that unless that relief is granted, this petition will be rendered moot and his speedy trial claims will be foreclosed.

Generally, a temporary restraining order may be granted only where "it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant." Fed.R.Civ.P. 65(b). The moving party must establish: (1) a substantial likelihood of success on the merits of the case; (2) irreparable injury to the movant unless injunctive relief is provided; (3) the threatened injury to the movant outweighs the injury that the proposed injunction will cause the nonmoving party; and (4) the relief, if granted, would not be adverse to the public interest. Kikumura v. Hurley, 242 F.3d 950, 955 (10th Cir. 2001)(citation omitted).

Respondents assert the petitioner's motion should be denied. They argue that petitioner will suffer no harm, as he will have an opportunity to present his speedy trial claims in the Kansas courts, that there is a strong public interest in allowing the prosecution of the outstanding charges, and that there is little likelihood of success on the merits of this action.

The court has considered the arguments made by the parties and denies the motion. Respondents correctly state that

5

petitioner may assert his claims of speedy trial violations in the state courts, and the court agrees that the balance here weighs in favor of allowing the State of Kansas to pursue prosecution of the outstanding charges against the petitioner.

Finally, respondents contend this matter should be dismissed due to petitioner's failure to exhaust state court remedies. The principle of exhaustion of state court remedies is well-settled in case law. In Fells v. State of Kansas, 343 F.Supp. 678 (D. Kan. 1972), the court considered requests filed by two prisoners in federal custody in El Reno, Oklahoma, and subject to detainers filed against them by Kansas authorities on untried criminal charges. The petitioners alleged that Kansas authorities had failed to execute the detainers within 180 days and sought dismissal of the underlying charges. The court dismissed the action without reaching the merits. The court found that petitioners had neither pursued relief under the IAD nor presented their claims to the Kansas courts and held that "[t]hose courts, in the interest of comity, should have the first opportunity to pass upon petitioners' claims." 343 F.Supp. at 680. Similarly, in Bedwell v. Harris, 451 F.2d 122 (10th Cir. 1971), the Tenth Circuit directed the attention of the district court to Weiss v. Blackwell, 310 F. Supp. 360 (N.D. Ga. 1969). In that case, the Georgia federal court established guidelines for managing claims filed by federal prisoners arising from

6

detainers filed against them and specifically determined that "the prisoner must pursue his remedies in state court to secure a speedy trial...before the prisoner may go into a federal district court in that state to seek relief." 310 F. Supp. at 363.

In light of these decisions, the court concludes respondents are correct: petitioner must address his claims alleging a violation of his right to a speedy trial to the Kansas courts before he may seek relief in federal court on that ground.

### Conclusion

For the reasons set forth, the court concludes the petition for habeas corpus must be dismissed. The court finds the detainer which was withdrawn arose from parole violations and that pursuit of the criminal charges arising from incidents in 1993 is not barred by that withdrawal. Petitioner's assertion of a speedy trial violation must be addressed to the Kansas state courts before he may pursue habeas corpus relief on that ground.

IT IS THEREFORE ORDERED the petition for habeas corpus is dismissed and all relief is denied.

IT IS FURTHER ORDERED petitioner's motion for a preliminary injunction or temporary restraining order (Doc. 9) is denied.

IT IS FURTHER ORDERED respondents' motion to dismiss (Doc. 13) is granted.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

DATED:  This 12th day of October, 2005, at Topeka, Kansas.


                                        S/ Sam A. Crow
                                        SAM A. CROW
                                        U.S. Senior District Judge